IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD S. MCAULIFFE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 2:08-cv-336
CRIM. NO. 2:03-cr-70
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 2, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Petitioner has filed objections and supplemental objections to the Magistrate Judge's *Report and Recommendation*. Respondent opposes petitioner's objections. Doc. No. 189. Petitioner has filed a reply and an addendum to his reply. Doc. Nos. 190, 191.

Petitioner's request for additional time to file a supplement to his objections, *see* Doc. No. 187, hereby is **GRANTED**. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner complains that he had insufficient time to prepare his objections; however, the Court granted petitioner's request for additional time to supplement his objections, and he did not request any additional time. Review of his objections do not reveal that they are inadequate or incomplete. Further, petitioner has also filed a reply to the government's

response to his objections, as well as an addendum to that reply. Petitioner's complaint that he had insufficient time to prepare his objections is unsupport by the record and not well taken.

Petitioner objects to all of the Magistrate Judge's recommendations regarding his habeas corpus petition. At length, he again raises all of the same arguments he previously presented. He complains that the Magistrate Judge failed to read or consider his response and failed to address all of his habeas corpus claims. He contends that respondent has conceded violations of due process, and asserts that he is entitled to summary judgment. *Id.*, at 3. Petitioner also contends that he is actually innocent of the charges, and that this case is analogous to *Newman v. Metrish*, 543 F.3d 793 (6th Cir. 2008), wherein the United States Court of Appeals for the Sixth Circuit held that, "where the evidence taken in the light most favorable to the prosecution creates only a reasonable speculation that a defendant was present at the crime," the evidence is constitutionally insufficient to sustain the conviction. *Id.*, at 797. *See Addendum to Reply to Government's Response*, Doc. No. 191.

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. As previously discussed by this Court, *see Order*, February 23, 2009, Doc. No. 182, summary judgment is not appropriate in these proceedings. Petitioner's citation to *Day v. McDonough*, 547 U.S. 198, 209 (2006), which held that District Courts are permitted, but not required, *sua sponte* to raise the issue of statute of limitations in habeas corpus proceedings, is no support for his argument to the contrary. Further, the record fails to reflect that the prosecutor or respondent have made admissions

warranting federal habeas corpus relief or reflecting that petitioner is actually innocent of charges such that habeas corpus relief is warranted. *See House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

To the extent that petitioner again raises issues that have already been rejected by the United States Court of Appeals for the Sixth Circuit on direct appeal, such claims are not now properly considered in these proceedings. *See United States v. McAuliffe*, 490 F.3d 526 (6th Cir. 2007); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Additionally, the Magistrate Judge properly considered the United States Court of Appeals' rejection of petitioner's claim that his recorded conversations were inadmissible on the basis that he was represented by counsel in concluding that petitioner's claim of ineffective assistance of counsel lacked merit. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court agrees that the record fails to warrant a hearing on petitioner's claim of jury tampering. Contrary to his argument here, review of the tape-recorded conversation between Ray Holmon and Darryl Faller is not necessary for resolution of petitioner's claim in these proceedings. The record reflects that counsel's decision not to listen to the tape or play the tape for the jury was a strategic one entitled to deference, and it did not prejudice the petitioner. *Strickland, supra,* 466 U.S. at 690, 694. The Court acknowledges that petitioner has submitted an extensive list of the alleged improper or unethical conduct by the prosecution in this case. However, essentially for the reasons set forth in the Report and Recommendation, review of the record fails to support relief on this basis.

This Court has carefully reviewed the entire record. For all the foregoing reasons,

3

and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge